# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSME PRESAS, | Case No. 1:13-cv-02038-LJO-SKO (PC) |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| KERN MEDICAL CENTER, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**First Screening Order**

### I.     Screening Requirement and Standard

Plaintiff Cosme Presas, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 13, 2013.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.    Discussion**

    **A.    Allegations**

Plaintiff, who is currently incarcerated at the Kern County Jail in Bakersfield, California, brings this action against the Kern County Medical Center, the Kern County Sheriff's Department, and Kern County for violating his right to appropriate medical care following surgery on his nose.

Plaintiff alleges that he had surgery on February 6, 2013, at the Kern County Medical Center and he was prescribed Vicodin for pain. Plaintiff was denied any pain medication for nearly three days by jail staff. Plaintiff was also denied access to medical staff by the detention staff.

On February 8, 2013, Plaintiff's surgeon prescribed him pain medication for fourteen days. Plaintiff received pain medication that night, but the prescription was discontinued six days later,

on February 14, 2013.  Plaintiff's pain medication was subsequently reinstated on February 17, 2013, for only five days.

Plaintiff alleges that he endured agonizing, excruciating pain, and he alleges claims for violation of the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, for violation of HIPAA (the Health Insurance Portability and Accountability Act), and for negligence under California law.

### B. Medical Care Claim

#### 1. Legal Standard

Assuming Plaintiff is a pretrial detainee, he is protected from conditions of confinement which amount to punishment.  *Bell v. Wolfish*, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017-18 (9th Cir. 2010); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1244 (9th Cir. 2010).  While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims.  *Simmons*, 609 F.3d at 1017-18; *Clouthier*, 591 F.3d at 1242; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the United States Constitution entitles Plaintiff to medical care, the Constitution is violated only when jail officials act with deliberate indifference to an inmate's serious medical needs.  *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096).  The requisite state of

mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

### 2. **Findings**

Plaintiff is suing only Kern County and two of its departments. A local government entity may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Webb v. Sloan*, 330 F.3d 1158, 1163-64 (9th Cir. 2003*); Gibson v. County of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. *Monell*, 436 U.S. at 694; *Gibson*, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007); *City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. *Gibson*, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." *Id.* Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." *Id.*

Plaintiff has not alleged any facts supporting the existence of a municipal liability claim. In addition, Plaintiff cannot state a claim against the county in the absence of an underlying constitutional violation, *Simmons*, 609 F.3d at 1021, and here, Plaintiff fails to name any individual county employees and his complaint lacks sufficient facts to support a claim of deliberate indifference, *Snow*, 681 F.3d at 985; *Wilhelm*, 680 F.3d at 1122. It is not clear who was involved with the deprivation and/or discontinuation of Plaintiff's pain medication, and it is not

clear that the failure to provide the medication was the result of anything other than negligence, which does not suffice to support a claim under section 1983. *Wilhelm*, 680 F.3d at 1122.

### C. Equal Protection Claim

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show he was intentionally discriminated against based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

As previously stated, Plaintiff may not pursue a claim against the county under a *respondeat superior* theory of liability, but notwithstanding that deficiency, Plaintiff's complaint is devoid of any facts supporting a claim for denial of equal protection.

### D. HIPAA Claim

HIPAA provides no private right of action. 29 U.S.C. § 1181 *et seq.*; *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010). Accordingly, notwithstanding the existence of other deficiencies, Plaintiff cannot state a claim for relief based on a violation of HIPAA. *Seaton*, 610 F.3d at 533.

### E. Negligence Claim

Finally, Plaintiff appears to be alleging a negligence claim under California law. While Plaintiff includes exhibits demonstrating he complied with California's Government Claims Act, which is a prerequisite to filing suit, *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (Cal. 2007); *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004), the county is immune from liability for injuries to prisoners, subject to limited exceptions not applicable here, Cal. Gov't Code § 844.6(a)(2). Therefore, Plaintiff's negligence claim against the county fails as a matter of law, notwithstanding Plaintiff's failure to allege any facts supporting a negligence claim.

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff with an opportunity to file an amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights, *Jones*, 297 F.3d at 934. Plaintiff must demonstrate a causal connection between each defendant's conduct and the violation of his rights; liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*. *Iqbal*, 556 U.S. at 676-77; *Crowley*, 734 F.3d at 977; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Further, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 21, 2014**                    /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE

6