# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSME PRESAS,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN MEDICAL CENTER, et al.,<br><br>    Defendants. | Case No. 1:13-cv-02038-LJO-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING CLAIMS AGAINST KERN COUNTY SHERIFF'S DEPARTMENT AND NURSE JOHN DOE 1 BE DISMISSED, AND ACTION PROCEED AGAINST REMAINING NINE DOE DEFENDANTS<br><br>(Doc. 38)<br><br>THIRTY-DAY OBJECTION DEADLINE |

## I.  Procedural History

Plaintiff Cosme Presas, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 13, 2013.  On May 21, 2014, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim.  28 U.S.C. § 1915A.  Plaintiff filed an amended complaint on June 23, 2014, and on October 1, 2015, the Court dismissed Plaintiff's amended complaint, with leave to amend.  Plaintiff filed a second amended complaint on October 26, 2015.

## II.  Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**III.    Discussion**

    **A.    Medical Care Claim Against Nurses and Deputies**

As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017-18 (9th Cir. 2010); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1244 (9th Cir. 2010). While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth

Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. *Simmons*, 609 F.3d at 1017-18; *Clouthier*, 591 F.3d at 1242; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). With respect to medical care, the United States Constitution is violated only when jail officials act with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

Plaintiff alleges that he had surgery on his nose on February 6, 2013, and his surgeon prescribed antibiotics and pain medication, but when he was transferred back to the jail the same day, the nurses and deputies he came into contact with refused to provide him with any pain medication. Plaintiff alleges that he was left in excruciating pain between February 6, 2013, and February 8, 2013, and again between February 14, 2014, and February 17, 2013. Plaintiff's allegations are sufficient to support the existence of an objectively serious medical need and to link Defendants Nurse Jane Doe 1, Nurse Jane Doe 2, Nurse Jane Doe 3, Deputy John Doe 1, Deputy John Doe 2, Deputy John Doe 3, Deputy John Doe 4, Deputy John Doe 5, and Deputy John Doe 6 to knowledge of and disregard of that need. *Wilhelm*, 680 F.3d at 1122. To the extent that Plaintiff intended to include Nurse John Doe 1 as a defendant, Plaintiff's second amended

complaint is devoid of any support for a claim against him.  (2nd Amend. Comp., p. 5, § III(C) & 7:20-27.)  To the contrary, Plaintiff's allegations demonstrate that Nurse John Doe 1 responded to Plaintiff's complaint of pain by giving him pain medication during the next "med pass."  (*Id.*, 7:20-27.)  Plaintiff was previously notified of the legal standard and the requirement that he link each defendant to actions or omissions demonstrating a violation of his rights.  Accordingly, the Court recommends that the claim against Nurse John Doe 1 be dismissed, with prejudice.

### B. Municipal Liability Claim

Plaintiff also names the Kern County Sheriff's Department as a defendant.  A local government entity may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability, *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Webb v. Sloan*, 330 F.3d 1158, 1163-64 (9th Cir. 2003*); Gibson v. County of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002), but it may be held liable if it inflicts the injury complained of, *Monell*, 436 U.S. at 694; *Gibson*, 290 F.3d at 1185.  Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered."  *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007); *City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989).  Plaintiff's second amended complaint is devoid of any allegations supporting a viable municipal liability claim.  Given that Plaintiff was previously granted leave to amend to cure this deficiency, the Court recommends dismissal of the claim against the Kern County Sheriff's Department, with prejudice.

### IV. Conclusion and Recommendation

Plaintiff's second amended complaint states cognizable claims for relief against Defendants Nurse Jane Doe 1, Nurse Jane Doe 2, Nurse Jane Doe 3, Deputy John Doe 1, Deputy John Doe 2, Deputy John Doe 3, Deputy John Doe 4, Deputy John Doe 5, and Deputy John Doe 6 for denial of medical care, in violation of the Due Process Clause.  Plaintiff may also proceed

against those defendants for negligence in violation of state law.[1]  However, Plaintiff fails to state claims against the Kern County Sheriff's Department and Nurse John Doe 1.[2]  Plaintiff was previously given leave to amend to cure the deficiencies but he was unable to do so, and based on the nature of the deficiencies, further leave to amend is not warranted.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY RECOMMENDS that:

1. This action proceed against Defendants Nurse Jane Doe 1, Nurse Jane Doe 2, Nurse Jane Doe 3, Deputy John Doe 1, Deputy John Doe 2, Deputy John Doe 3, Deputy John Doe 4, Deputy John Doe 5, and Deputy John Doe 6 for denial of medical care, in violation of the Due Process Clause, and for negligence; and

2. Plaintiff's claims against the Kern County Sheriff's Department and Nurse John Doe 1 be dismissed for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 20, 2015**                    /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff alleges compliance with the Government Claims Act.  *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (Cal. 2007); *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004).

[2] In addition to the absence of any allegations supporting a federal constitutional claim arising from municipal liability claim, the Kern County Sheriff's Department may not be held liable for the negligent acts of its employees.  Cal. Gov't Code § 844.6(a)(2).