UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSME PRESAS,<br><br>   Plaintiff,<br><br>   v.<br><br>KERN MEDICAL CENTER, et al,<br><br>   Defendants. | No. 1:13-CV-02038-DAD-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING KERN COUNTY SHERIFF'S DEPARTMENT AND JOHN DOE 1, BUT WITH LEAVE TO AMEND, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE<br><br>(Doc. Nos. 38 and 39) |

Plaintiff Cosme Presas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 13, 2013. The matter was referred to the assigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On November 23, 2015, the magistrate judge screened plaintiff's second amended complaint and filed findings and recommendations recommending dismissal of certain claims for failure to state a cognizable claim. 28 U.S.C. § 1915A. On December 16, 2015, plaintiff filed timely objections to the findings and recommendations. Local Rule 304(b).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper legal analysis. However, even

1

though plaintiff has twice was previously been provided with notice of the deficiencies of his complaint and the opportunity to amend, the court finds that plaintiff has raised new allegations in his objections to the findings and recommendations that justify the granting of leave to amend one final time. Specifically, in his objections, plaintiff notes that he "can cure the deficiency now that I am better versed in this aspect of the law" and asks for the court to give him "just once more . . . the opportunity to amend the complaint." (Doc. No. 42, 1:19-20.) The court also notes that plaintiff is a pro se litigant. Accordingly, his complaint should be construed liberally and may be dismissed for failure to state a claim, only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014); *Litman v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014) (courts "construe pro se complaints liberally, especially in civil rights cases"); *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (if the complaint can be saved by amendment, then the plaintiff should be notified of the deficiencies and provided an opportunity to amend).

While the findings and recommendations properly recommended dismissal of plaintiff's policy or practice claim and plaintiff previously has been provided with opportunities to amend his complaint with respect to that claim and had not successfully done so, the new allegations set forth for the first time by plaintiff in his objections suggest that he may plausibly be able to state a cognizable policy or practice claim against Kern County and its entity, the Kern Medical Correctional Center, if granted one final opportunity to amend. Specifically, in his objections, plaintiff now alleges for the first time that:

> "Kern Medical Center operating as Kern Medical Correctional Center in the jail has the custom and exercises the practice of not having a medical doctor at the facility 24 hours a day and of instructing the nurses that medications such as ibuprofen or Tylenol, which I asked for, are to prescribed by a doctor before they may be given to an inmate. This custom and practice is what moved the nurses to deny me pain medication such as ibuprofen or Tylenol, to alleviate the pain of my nose surgery, when I asked for it due to the medication prescribed by my surgeon not being ordered and, or, filled on 2-5-13 up to 2-8-13 and it being cut off, earlier than prescribed to be, on 2-14-13 up to 2-17-13. On those days when my medication prescribed was not filled and cut off early I was not able to obtain medication first due to there not being

> a doctor on staff 24 hours to make sure an order is filled and to provide a substitute for the meanwhile, and also another 'moving force' would be the strict sick call procedure which all the nurses are made to tell and make inmates follow which makes it take weeks to see a doctor and which they use to ignore emergencies."

(*Id*. at 1:27-2:13.)

Although 42 U.S.C. § 1983 imposes liability only on "persons" who, under color of law, deprive others of their constitutional rights, the Supreme Court has construed the term "persons" to include municipalities such as Kern County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). A municipality is responsible for a constitutional violation, however, only when an "action [taken] pursuant to [an] official municipal policy of some nature" caused the violation. *Id*. at 691. This means that a municipality is not liable under § 1983 based on the common-law tort theory of *respondeat superior*. *Id*. On the other hand, the official municipal policy in question may be either formal or informal. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 131 (1988) (plurality opinion) (acknowledging that a plaintiff could show that "a municipality's actual policies were different from the ones that had been announced"); *id*. at 138 (Brennan, J., concurring) (stating that municipal policies may be formal or informal).

A formal policy exists when "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (plurality opinion). When pursuing a *Monell* claim stemming from a formal policy, a plaintiff must allege and ultimately prove that the municipality "acted with the state of mind required to prove the underlying violation." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143–44 (9th Cir. 2012) (explaining that the plaintiff must prove that the municipal defendants acted with deliberate indifference, the same standard that a plaintiff has to establish in a § 1983 claim against an individual defendant).

An informal policy, on the other hand, exists when a plaintiff can prove the existence of a widespread practice that, although not authorized by an ordinance or an express municipal policy, is "so permanent and well settled as to constitute a custom or usage with the force of law." *Praprotnik*, 485 U.S. at 127. Such a practice, however, cannot ordinarily be established by a

3

single constitutional deprivation, a random act, or an isolated event. *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999). Instead, a plaintiff must show a pattern of similar incidents in order for the factfinder to conclude that the alleged informal policy was "so permanent and well settled" as to carry the force of law. *See Praprotnik*, 485 U.S. at 127.

If a formal or informal municipal policy is properly alleged, then a court will next turn to the issue of whether it is sufficiently alleged that the municipal policy violated the plaintiff's constitutional rights. S*ee Castro v. County of Los Angeles*, 797 F.3d 654, 673 (9th Cir. 2015). Under *Monell*, a local government body can inflict a constitutional injury under § 1983 for policies of inaction as well as policies of action. *See Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1185-86 (9th Cir. 2002). A policy of action is one in which the governmental body itself violates someone's constitutional rights, or instructs its employees to do so; a policy of inaction is based on a governmental body's "failure to implement procedural safeguards to prevent constitutional violations." *Tsao*, 698 F.3d at 1143.

In action cases, a municipality may be liable under § 1983, just as natural persons are, because when Congress enacted section 1983 it "intend[ed] municipalities and other local government units to be included among those persons to whom § 1983 applies." *Monell*, 436 U.S. at 689. To show that the municipality violated someone's rights or instructed its employees to do so, a plaintiff can prove that the municipality acted with "the state of mind required to prove the underlying violation," just as a plaintiff does when he or she alleges that a natural person has violated his federal rights. *Board of County Com'rs of Bryan County v. Brown*, 520 U.S. 397, 405 (1994); *Gibson*, 290 F.3d at 1187.

In inaction cases, the plaintiff must show, first, "that [the] policy amounts to deliberate indifference to the plaintiffs constitutional right." *Tsao*, 698 F.3d at 1143 (citations omitted). This requires showing that the defendant "was on actual or constructive notice that its omission would likely result in a constitutional violation." *Id*. at 1145 (citations omitted); s*ee also Castro*, 797 F.3d at 673; *Gibson*, 290 F.3d at 1194. Second, the plaintiff must show "that the policy caused the violation in the sense that the municipality could have prevented the violation with an
/////

appropriate policy." *Tsao*, 698 F.3d at 1143 (citations omitted); s*ee also Castro*, 797 F.3d at 673; *Gibson*, 290 F.3d at 1194.

Given plaintiff's most recent allegations set forth for the first time in his objections to the pending findings and recommendations, it now appears plausible that he may be able to sufficiently allege a cognizable Eighth Amendment policy or practice claim based upon a policy of inaction that required a doctor's prescription for ibuprofen and Tylenol and a "strict sick call procedure" that operated so as to delay inmate doctor visits for up to weeks. Accordingly, the court adopts the magistrate judge's findings and recommendations, but will dismiss plaintiff's second amended complaint containing his policy or practice claim, without prejudice, and will grant plaintiff one final opportunity to file a third amended complaint correcting the deficiencies noted in the finding and recommendations and by the undersigned above.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, his second amended complaint no longer serves any function in the case. Therefore, in a third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

For the reasons set forth above,

1. The findings and recommendations, filed on November 23, 2015, are adopted except for the recommendation that dismissal of plaintiff's policy or practice claim be with prejudice;

2. As previously found, plaintiff has stated cognizable claims against Defendants Nurse Jane Doe 1, Nurse Jane Doe 2, Nurse Jane Doe 3, Deputy John Doe 1, Deputy John Doe 2, Deputy John Doe 3, Deputy John Doe 4, Deputy John Doe 5, and Deputy John Doe 6 for denial of medical care, in violation of the Due Process Clause, and for negligence but those claims must be alleged once again in any third amended

complaint which plaintiff elects to file;

3. Plaintiff's claims against the Kern County Sheriff's Department and Nurse John Doe 1 are dismissed for failure to state a cognizable claim but with leave to amend;

4. The Clerk's Office shall send plaintiff a civil rights complaint form;

5. Within thirty (30) days from the date of service of this order, plaintiff is directed to file a third amended complaint, not exceeding twenty (20) pages in length, that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint"; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

6. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **December 22, 2015**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE