UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSME PRESAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KERN MEDICAL CENTER et al.,<br><br>　　　　　Defendants. | No. 1:13-cv-02038-DAD-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING COUNTY OF KERN AND KERN MEDICAL CORRECTIONAL CENTER FROM THIS ACTION, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE<br><br>(Doc. No. 46) |

Plaintiff Cosme Presas, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 13, 2013. The matter was referred to the assigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 16, 2016, the magistrate judge screened plaintiff's third amended complaint ("TAC") and filed findings and recommendations recommending that certain claims presented in the TAC be dismissed for failure to state a cognizable claim. (Doc. No. 46.) The findings and recommendations advised the parties that any objections thereto were to be filed within thirty days. (*Id.*) On December 30, 2016, plaintiff filed timely objections to the findings and recommendations. (Doc. No. 47.)

/////

The magistrate judge concluded that any state law claims had been abandoned by plaintiff because he did not restate any allegations with respect to such claims in his TAC. (Doc. No. 46 at 2, n.3.) In his objections plaintiff objects that he did not intend to abandon his state law claims by failing to specifically identify them in his TAC. (Doc. No. 47 at 1-2.) Plaintiff's objections are unpersuasive on this point. Plaintiff was repeatedly warned that an amended complaint supercedes any prior pleadings, and must be "complete in itself without reference to the prior or superceded pleading." (*See* Doc. Nos. 11, 29, 35, 43.) Despite these very specific admonitions, plaintiff did not allege in his TAC that he had complied with the California Government Claims Act ("CGCA"), set forth in California Government Code §§ 810 *et seq*. In his objections, plaintiff argues that he did mention that he filed "a complaint against the County (tort claim)" in his TAC and therefore contends he did allege compliance with the CGCA. (Doc. No. 47.) However, merely filing a complaint or claim does not suffice to allege compliance with the CGCA. Moreover, despite having attached exhibits to his earlier complaints reflecting his efforts to comply with the CGCA, plaintiff attached no such exhibits to his TAC. (Compare Doc. Nos. 1 at 4-9, 38 at 15 at 15-18 with 44.) Plaintiff's allegations in his TAC do not suggest that he filed a claim to the appropriate Board and that the Board acted on the claim, or the time for doing so expired as required by the CGCA.[1]

Additionally, the court agrees with the assigned magistrate judge's assessment that plaintiff's TAC fails to sufficiently allege facts to support claims of intentional emotional distress and negligence.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper legal analysis.

For the reasons set forth above:

---

[1] The undersigned also notes that this matter has been pending before this court for nearly three and one half years and plaintiff has been given a great deal of guidance by the court regarding what he must include in his complaints in order to proceed. Plaintiff is now on his third amended complaint, not counting supplemental filings. The court must proceed on the cognizable claims properly alleged by plaintiff in that third amended complaint.

1. The December 16, 2016 findings and recommendations (Doc. No. 46) are adopted in full;
2. As previously found, plaintiff has stated cognizable claims only against defendants Nurses Jane Doe 1-3 and Deputies John Doe 1-6 and only for denial of adequate medical care, in violation of the Due Process Clause;
3. Plaintiff's claims against the County of Kern and the Kern County Medical Correctional Center are not cognizable and those claims and defendants are dismissed from this action with prejudice; and
4. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **June 8, 2017**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE