# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSME PRESAS,<br><br>                Plaintiff,<br><br>        v.<br><br>KERN MEDICAL CENTER, et al.,<br><br>                Defendants. | No. 1:13-cv-02038-DAD-SKO (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO FILE A FOURTH AMENDED COMPLAINT**<br><br>**(Docs. 64, 65)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## **INTRODUCTION**

Plaintiff, Cosme Presas, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 based on events which occurred when he was a pretrial detainee at the Lerdo Pretrial Facility ("LPF"). Plaintiff is proceeding on his Third Amended Complaint ("TAC") on claims for denial of adequate medical care, in violation of the Due Process Clause. (*See* Docs. 46, 48.) The identities of all the Defendants in this action were initially unknown. However, Plaintiff ascertained the names of Nurse Jane Doe 2 as "K. Fussel" and Nurse Jane Doe 3 as "E. Hernandez," ("Defendants") who have been served and have appeared in this action. (*See* Docs. 50, 58, 60.)

On May 7, 2018, Plaintiff filed a motion seeking leave to file a fourth amended complaint substituting "K. Fussel" and "E. Hernandez" as the true names of Defendants Nurses Jane Doe 2 and 3, and correcting errors in the TAC as to "which defendants committed what actions and omissions." (Doc. 64, p. 2.) Defendants responded that they only oppose Plaintiff's motion to

1

the extent that he seeks to add claims and defendants which have previously been dismissed from this action. (Doc. 66.) Despite passage of more than the allowed time, Plaintiff has not filed a reply. Plaintiff's motion is deemed submitted. Local Rule 230(*l*).

## DISCUSSION

**A.     Amendment Under Rule 15(a)**

Under Rule 15(a), a plaintiff may amend his complaint once "as a matter of course," and without leave of court, before a response has been filed. Fed.R.Civ.P. 15(a)(1); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). However, a party can only amend the pleading with the opposing party's written consent or the court's leave once a responsive pleading has been filed. Fed.R.Civ.P. 15(a) (2). Here, Defendants filed a responsive pleading to Plaintiff's FAC, and therefore leave of the court is required. However, Defendants only oppose Plaintiff's amendment to the extent he seeks to expand the claims and Defendants beyond those on which he currently proceeds, but raise no opposition to Plaintiff's amendment to insert their names and to correct his allegations regarding the claims on which he currently proceeds.

Fed. R. Civ. Proc. 15(a) provides that a court "should freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir.1984). Moreover, section 474 of the California Civil Procedure Code provides the standards for a plaintiff to allege that an individual is unknown and to name that person as a Doe defendant in a pleading. Cal. Civ. Pro. Code § 474.

///

The Court has examined all the factors listed above.  Plaintiff's timely request to substitute the true names of K. Fussel and E. Hernandez for previously unknown Defendants Nurse Jane Doe 2 and 3 appears reasonable, and there is no evidence that the amendment will cause undue delay or prejudice—particularly since Fussel and Hernandez have already appeared and are the only defendants who have appeared in this action.  Similarly, Plaintiff's request to correct errors in his allegations in the TAC, based on relevant documents in his possession, does not suggest that any such amendment is sought in bad faith.

The only part of the amended complaint to which Defendants object is the page on which Plaintiff appears to "re-name the County of Kern and Kern Medical Correctional-Medicine as defendants in the action." (Doc. 66, 2:7-12 (citing Doc. 65, 4:14-19).)  However, that page of Plaintiff's proposed fourth amended complaint is clearly a copy of that same page from the TAC. (*Compare* Doc. 44, p. 4 with Doc. 65, p. 4.)  In fact, the first five pages of Plaintiff's proposed fourth amended complaint (aside from five words on page 5)[1] are copies of the first five pages from the TAC. (*Compare* Doc. 44, pp. 1-5 with Doc. 65, pp. 1-5.)

Plaintiff does not state in his motion that he wishes to rename the County of Kern and Kern Medical Correctional-Medicine as defendants in the action, or to resurrect any claims against them which have been previously dismissed. (*See* Doc. 64.)  Plaintiff's lack of intent to do so is evidenced by the fact that Plaintiff did not trace over and darken the names and information of the County of Kern and Kern Medical Correctional-Medicine on the corresponding page as he did for the rest of the information on the first five pages of his proposed amended pleading. (*See* Doc. 65, p. 4.)  Plaintiff neither states, nor provides any basis to infer a desire to re-name or reinstate his claims against these two previously dismissed defendants, and the Court finds none.[2]  Accordingly, it is appropriate to allow the filing of Plaintiff's proposed fourth amended complaint.

## CONCLUSION

---

[1] On page five of the proposed fourth amended complaint, Plaintiff added the words "under the Due Process Clause" to the right he claims was violated in Claim 1. (Doc. 65, p. 5.)

[2] If Plaintiff desired to re-name and resurrect either of these defendants or his claims against them, any such amendment would be futile, *Loehr*, 743 F.2d at 1319, for the reasons stated in the order that dismissed them. (*See* Docs. 46, 48.)

3

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a fourth amended complaint, filed on May 7, 2018, (Doc. 64), is **GRANTED**;
2. The Clerk's Office is directed to file Plaintiff's Fourth Amended Complaint, (Doc. 65), and to change the name of this case to "*Presas v. Fussel, et al.*" on the docket of this case and for all further purposes; and
3. **Within twenty-one (21) days** of the date of service of this order, Defendants Fussel and Hernandez **SHALL** file either an answer to the Fourth Amended Complaint, or a statement that they elect to stand on their previously filed Answer (Doc. 61).

IT IS SO ORDERED.

Dated: **October 4, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE